UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LaJEFF WOODBERRY,

        Debtor.
_____/

LaJEFF WOODBERRY,

        Appellant,

vs.

        Case No.  22-12223
        HON.  GEORGE CARAM STEEH

MARK H. SHAPIRO,
CHAPTER 7 TRUSTEE,

        Bankruptcy No. 18-46856

        Appellee.
_____/

**ORDER GRANTING TRUSTEE'S MOTION
TO DISMISS APPEAL AS MOOT (ECF No. 7)**

This matter is before this Court on appellant LaJeff Woodberry's appeal from the following Orders from the United States Bankruptcy Court for the Eastern District of Michigan: 1) Order Denying Debtor's Objection to Trustee's Application for Final Compensation and Final Report; 2) Order Approving Second and Final Fee Application of Counsel for Trustee, for Approval of Prior Holdback for the Period June 8, 2018 through May 21, 2021, and for Approval of Fees for the Period May 22, 2021 through July 1,

2022; and 3) Order Authorizing Payment of Final Fees and Expenses to the Trustee (collectively, the "Final Orders"). ECF No. 1, PageID.3. Prior to appellant filing a brief, appellee Mark H. Shapiro, Chapter 7 Trustee ("the Trustee") moved to dismiss the appeal as moot. ECF No. 7.

During the pendency of the appeal[1], the Trustee administered the entire bankruptcy estate, and the bankruptcy court discharged the Trustee and closed the case on December 16, 2022. The Court has considered the pleadings filed by the Trustee and by Mr. Woodberry, including the motion, response (ECF No. 9), supplement (ECF No. 10) (which merely provides an updated docket entry indicating that the bankruptcy court issued its final decree), and response to the supplement (ECF No. 11). For the reasons stated below, the Court will grant the Trustee's motion to dismiss the appeal as moot.

## BACKGROUND

This is appellant's seventh appeal to this Court from orders entered in his Chapter 7 bankruptcy case and related adversary proceedings.[2] The Court is familiar with the factual background of the case and will focus on the Final Orders identified as the subject of the pending appeal.

---

[1] The Court issued an Order holding briefing on the appeal in abeyance pending resolution of appellee's motion to dismiss.
[2] *See* 19-12576, 20-12622, 21-10092, 21-10482, 21-11800, and 22-11911.

On August 2, 2022, the Trustee's attorney, Steinberg Shapiro & Clark, filed its Second and Final Fee Application (ECF No. 4-1, PageID.1043). No objections were filed, and the bankruptcy court granted the Order Approving Second and Final Fee Application of Counsel for Trustee ("Attorney Fee Order") (ECF No. 1, PageID.8). Despite the lack of any objection to the fee application, the Debtor has included the Attorney Fee Order in this Appeal.

On August 3, 2022, the Trustee filed his Application for Final Compensation (ECF No. 4-1, PageID.1075). On August 10, 2022, the Trustee filed his Final Report (ECF No. 4-1, PageID.1078). The Debtor filed an objection to both the Application for Compensation and the Final Report (ECF No. 4-1, PageID.1098).

On September 7, 2022, the bankruptcy court entered an Order Denying Debtor's Objection to Trustee's Application for Final Compensation and Final Report ("Final Report Order") (ECF No. 1, PageID.5). On September 8, 2022, the bankruptcy court entered an Order Authorizing Payment of Final Fees and Expenses to the Trustee ("Trustee Fee Order") (ECF No. 1, PageID.10).

On September 21, 2022, the Debtor filed this appeal, naming only the Trustee as a party. The Debtor did not request a stay pending the appeal.

The Trustee distributed the estate funds in accordance with the Final Report Order, and on November 4, 2022 the Trustee filed his Final Account and Distribution Report certifying that the estate had been fully administered. (Exhibit A, Final Account and Distribution Report filed in bankruptcy court case 18-46856, Doc 271.) As noted in the Final Account and Distribution Report, the Trustee paid administrative claims in full and paid unsecured creditors a pro-rata dividend. The estate funds were fully distributed, leaving a $0 balance in the account as of November 7, 2022.

On December 16, 2022, while this appeal was pending, the bankruptcy court entered a Final Decree, stating that the bankruptcy estate has been fully administered, the Trustee is discharged, the bond is cancelled, and the Chapter 7 case is closed.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule Civil Procedure 12(b)(1) allows dismissal of a case for "lack of subject-matter jurisdiction." When a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater*

*Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Under Rule 12(b)(1), a party may move to dismiss a bankruptcy appeal as moot. *In re City of Detroit*, 2015 WL 5697702, at *3 (E.D. Mich. Sept. 29, 2015), *aff'd*, 838 F.3d 792 (6th Cir. 2016).

## ANALYSIS

### I.     Constitutional Mootness

Federal courts have jurisdiction to adjudicate actual cases and live controversies. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) (internal quotations omitted). A court in this district recently addressed an appeal from bankruptcy court orders where the facts were closely analogous to those in this case. *Taleb v. Miller Canfield Paddock & Stone, PLC (In re Kramer)*, No. 2:20-cv-10152, 2020 WL 6939666 (E.D. Mich. Nov. 25, 2020). In addressing the doctrine of constitutional mootness, the court explained that "an appeal is moot when events during the pending appeal make it 'impossible for the court to grant any effectual relief whatever. . . .'" *Id*. at *3 (quoting *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)) (internal quotations omitted). But, "even the availability of a partial

remedy is sufficient to prevent [a] case from being moot." *Id*. (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)).

The Court must determine whether there is a live case and controversy as to the three orders on which appellant seeks review.

### A. Attorney Fee Order

The Trustee's attorney is not a party to the appeal, so the Court lacks power to compel the law firm to return any funds. Accordingly, effective relief is not available to appellant, and the appeal of the Attorney Fee Order will be dismissed as constitutionally moot. See *Id*. at *3.

### B. Final Report Order

The Trustee has administered all the assets and distributed all the estate's funds. The Court cannot order that the estate's funds be distributed in a different way than that proposed in the Trustee's Final Report because the creditors receiving distributions are not part of this appeal. In addition, appellant did not obtain a stay, which would have prevented the funds from being disbursed such that effective relief could have been a possibility if the Court found that it was warranted. *See id*. at *3-4. Effective relief is simply not available to appellant, therefore the appeal of the Final Report Order will be dismissed as constitutionally moot.

## II. Equitable Mootness

### A. Trustee Fee Order

Because the Trustee is a party to the appeal, the Court may reverse the bankruptcy court order and require the Trustee to return money to the bankruptcy estate. *See id*. at *4 ("The appeal is therefore constitutionally ripe because it is not 'impossible for the court to grant any effectual relief[.]'" (citation omitted)). Therefore, appellant's appeal of the bankruptcy order granting the Trustee's fee and expenses is constitutionally ripe. However, the Court must still address whether the appeal of the Trustee Fee Order is equitably moot.

While constitutional mootness is the "*inability* to alter the outcome," equitable mootness is the "*unwillingness* to alter the outcome." *Id*. (citation omitted, emphasis in original). "Equitable mootness applies 'when the appellant has failed to obtain a stay and although relief is possible[,] the ensuing transactions are too complex and difficult to unwind.'" *Id*. (quoting *In re PW, LLC*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008) (internal quotations and citations omitted)). In considering equitable mootness in a Chapter 7 liquidation, there are three factors to be weighed by the court. The most important factor is whether the relief requested on appeal would affect either the rights of parties not before the court or the success of the

liquidation plan. The second factor is whether a stay has been obtained, and the third factor is whether the liquidation plan has been substantially consummated. *Id*. (citing *In re Connolly N. Am., LLC*, 432 B.R. 244, 251 (E.D. Mich. 2010)).

In this case, the Trustee received approximately $11,000 in fees and expenses. The fees were paid on September 8, 2022. If the Court was to reverse the Final Fee Order, a rehearing on the fee application would be required, as well as a new adversary proceeding to recover the fees. It is very likely that any resulting reduction to the Trustee's fee award would be offset by the corresponding costs incurred by the estate. For this reason, the Court finds that granting the requested relief would affect the success of the liquidation plan.

The second factor has been met because the appellant did not seek a stay so the Trustee continued his work and administered all the estate property. At this point, the estate has been decreed fully administered, satisfying the third factor of substantial consummation of the plan. All three factors weigh in favor of finding that the appeal of the Trustee's Fee Order is equitably moot.

## CONCLUSION

Now, therefore, for the reasons stated above,

IT IS HEREBY ORDERED that appellee Trustee's motion for order dismissing appeal as moot (ECF No. 7) is GRANTED.

IT IS HEREBY FURTHER ORDERED that the appeal is DISMISSED as moot.

Dated: January 9, 2023

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2023, by electronic and/or ordinary mail and also on LaJeff Lee Percy Woodberry, 18283 Muirland, Detroit, MI 48221.

s/Brianna Sauve
Deputy Clerk